## EDGEWATER BASIN CO. v. SCHNEIDER et al.

No. 5434.

District Court, D. New Jersey.

June 6, 1939.

Kohn & Shaw, of Newark, N. J., for plaintiff.

McDermott, Enright & Carpenter, of Jersey City, N. J., for defendant United States Fidelity & Guaranty Co.

John J. Quinn, U. S. Atty., of Trenton, N. J. (by Thorn Lord, Asst. U. S. Atty., of Trenton, N. J.), for defendant Frederick C. Schneider.

FORMAN, District Judge.

Plaintiff is the owner of property used for the storage of boats. Defendant, Frederick C. Schneider, former United States Marshal for the District of New Jersey, seized under process issuing out of this court in favor of third-party libellants the S. S. Empire State, S. S. Shamrock, S. S. America, S. S. Columbia and S. S. Commodore on February 5, 1935, at plaintiff's property where they remained until April 29, 1935, at which time they were sold.

Plaintiff complains of the fact that the fund raised by the sale of these boats has been exhausted by order of this court without reimbursement to itself for wharfage fees, and recovery is sought from the defendant, United States Marshal, and the surety on his bond, United States Fidelity and Guaranty Company.

On March 9, 1935, in response to inquiry of plaintiff, Chief Deputy Marshal, W. B. Snowden, advised it as follows: "I acknowledge receipt of your letter of the 7th instant, and would advise that when these boats are sold bill for wharfage from February 5th, 1935, the day they were seized by me, will be submitted to the court at the rate of $1. per day for each boat. That is the amount allowed as a rule by the court. If it is approved, the same will then be sent you. All it will be necessary for you to do will be to send me bill for same the day sale is made. You do not have to file your claim with the court."

On April 29, 1935, the sale was made and the proceeds were paid into the Registry of the court by the defendant May 14, 1935.

It was not until June 12, 1935, that plaintiff sent a bill to the Marshal, who replied that all the funds had been deposited with the Clerk of the United States District Court, that he had nothing further to do with the monies, and that it would be necessary for plaintiff to file his claim with the Office of the Clerk. Meanwhile, the fund had been distributed by the Clerk so that nothing was available to satisfy plaintiff's claim for wharfage.

It is the position of plaintiff that the Marshal undertook to protect its interest in the disposition of the fund raised by the sale of the boats. It is admitted that plaintiff did not act with promptness, and did not communicate with the Marshal as to the amount of the charges on the day of sale. Its failure so to do resulted in the return of the order for sale by the Marshal without any calculation for plaintiff's wharfage charges in the Marshal's bill of costs. Plaintiff relies on Rule 8 of this court, which provides as follows: "The marshal shall be allowed for the

custody of a vessel, her tackle, &c., his actual expenses, not to exceed the sum of two and a half dollars a day (twenty-four hours)."

That the Marshal could have collected these wharfage charges under this rule is not disputed. The sole question is whether or not he is personally liable for failure to collect wharfage charges for the plaintiff under circumstances present in this case. The plaintiff failed to present his bill timely to the Marshal in accordance with the written instruction. The return day of the order for sale came and went and the Marshal was still without a bill from the plaintiff. Under such circumstances he was justified in turning the funds in his possession into the Registry of the court, and there rested no liability upon him to make a charge for the wharfage. Therefore, judgment will be rendered in favor of the defendants.